UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1256 AG (JPRx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | KAREN NGUYEN V. TAMI HUTCHIS AND DOES 1-10 | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Proceedings:     [IN CHAMBERS] ORDER REMANDING CASE

## BACKGROUND

Plaintiff Karen Nguyen ("Plaintiff") filed this case in state court, stating a simple cause of action for unlawful detainer. Yadira Lopez ("Lopez") then filed a Notice of Removal, which removed this case from state to federal court. For the reasons that follow, the Court REMANDS the case to state court.

## LEGAL STANDARD

Removal to federal court is generally governed by 28 U.S.C. Section 1441. Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). In other words, federal removal jurisdiction is proper "[if] the case originally could have been filed in federal court." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997); 28 U.S.C. § 1441(a). Removal jurisdiction should be strictly construed in favor of remand to protect the jurisdiction of state courts. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-1256 AG (JPRx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | KAREN NGUYEN V. TAMI HUTCHIS AND DOES 1-10 | | |

### ANALYSIS

The Court sets aside the difficulties presented due to Lopez not appearing as a defendant in Lopez's own Notice of Removal and focuses on Lopez's argument that this Court has federal jurisdiction under 28 U.S.C. Section 1443 and federal question jurisdiction. Both of these arguments fail.

### 1. 28 U.S.C. § 1443

Lopez first argues that federal jurisdiction is proper under 28 U.S.C. Section 1443, which authorizes removal of cases that are

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Courts apply a two-part test to determine whether a case is properly removed under Section 1443(1). *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Here, Lopez argues that the statutory scheme in the California Civil Code that authorizes evictions,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1256 AG (JPRx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | KAREN NGUYEN V. TAMI HUTCHIS AND DOES 1-10 | | |

> both on its face and as applied discriminates unfairly against Ethnic-Surname Americans (all of whom are presumed to be unfamiliar with legal proceedings and/or illiterate in the English language and therefore ignorant of their rights) and in doing so directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining ownership of property in particular.

(Notice at 7.) Lopez also claims that California Civil Code Section 2924, which generally addresses transfers of interests in real property and trustee liability, violates the federal guarantees of equal protection and due process. (Notice at 7-8.)

This argument fails for at least two reasons. First, Lopez has failed to show that she asserted, as a defense to the unlawful detainer action, "rights [] given to [her] by [an] explicit statutory enactment protecting equal racial civil rights." *Id.* Second, Lopez has failed to explain how Section 2924, or any other eviction-related statute in California, "purports to command the state courts to ignore the federal rights." *Sandoval*, 434 F.2d at 636. Thus, removal under Section 1443 is not appropriate.

## 2. FEDERAL QUESTION

Lopez next claims this Court has federal question jurisdiction over this case. Lopez's arguments are difficult to parse out, but they seem to rely on (1) the Homeowner's Bill of Rights, (2) fair housing issues, and (3) the Equal Protection Clause of the Fourteenth Amendment. (Notice at 8-10.) All of these arguments fail.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," not by reference to any counter-claims defendants may raise. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1256 AG (JPRx) | Date | August 21, 2013 |
|---|---|---|---|
| Title | KAREN NGUYEN V. TAMI HUTCHIS AND DOES 1-10 | | |

Here, Plaintiff's original case was for unlawful detainer. That does not raise a federal question. *See, e.g., Cooper v. Washington Mut. Bank*, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003) (same); *Onewest Bank, FSB v. Fabionar*, 2010 WL 5058394, at *3 (N.D. Cal. Dec. 6, 2010) (same); *Partners v. Gonzalez*, 2010 WL 3447678, at * 2–3 (N.D. Cal. Aug. 30, 2010) (same). This Court thus does not have federal question jurisdiction over this case.

### 3. CONCLUDING REMARKS

In closing, the Court reminds Lopez that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases raises these concerns. Lopez is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

The Court also notes that Lopez is representing herself without a lawyer. People who represent themselves in court without a lawyer are called "pro se litigants." Whether acting as plaintiffs or defendants, pro se litigants in federal court face special challenges. The Public Law Center runs a Federal Pro Se Clinic at the Santa Ana federal courthouse where pro se litigants can get free information and guidance. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, CA. For more information about the clinic, visit http://court.cacd.uscourts.gov/cacd/ProSe.nsf and select "Pro Se Clinic - Santa Ana."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 13-1256 AG (JPRx)** | Date | August 21, 2013 |
| Title | KAREN NGUYEN V. TAMI HUTCHIS AND DOES 1-10 | | |

## DISPOSITION

Lopez fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

  :   0

Initials of Clerk   ts for lmb